IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

ROBERT L. GERVIS         )
                         )
    Plaintiff,           )  Case No. 01-2934 B
                         )
vs.                      )
                         )
SEARS, ROEBUCK AND CO.   )
                         )
    Defendant            )

## ORDER TAXING COSTS

Taxation of costs is governed by 28 U.S.C. § 1920, and the costs taxable under this section "shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless a statute or rule otherwise provides. Fed.R.Civ.P 54(d)(1). Sears, Roebuck and Co., Defendant, was the prevailing party in this cause. As such, Defendant did on April 6, 2005 file a cost bill totaling $2,161.00 for court reporter fees and the cost of deposition transcriptions, and copy fees.

Notice was given to permit these parties opportunity to be heard at a taxation hearing scheduled in Memphis, TN, on Friday, April 15, 2005 at 10:15 a.m. regarding the assessment of costs pursuant to Local Rule 54.1(b). Defendant's counsel attended the scheduled hearing by telephone conference. Plaintiff appeared *pro se*.

As a result of Defendant's claim and based on matters reflected in the file, costs are taxed against Plaintiff and in favor of Defendant as follows:

|  | CLAIM | AWARD |
|---|---|---|
| Deposition costs | $2,021.00 | $1,933.50 |
| Copy costs | $ 140.00 | $  -0- |
| **TOTAL** | **$2,161.00** | **$1,933.50** |

Deposition fees:

Title 28, Sections 1920(2) and (4) declare that the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were "necessarily obtained for use in the case."  Thus, if the depositions are "reasonably necessary to the prosecution of the action," and not "merely useful for discovery," the costs are appropriately taxed. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983); Sales v. Marshall, 873 F.2d 115, 120 (6thCir. 1989); Independent Iron Works, Inc. v. U.S. Steel Corp., C.A. Cal. 1963, 322 F.2d 656, certiorari denied 84 S. Ct. 267, 375 U.S. 922.

A deposition does not have to be used as evidence to be taxed as an expense.  "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Allen Wright et al, Federal Practice and Procedure: Civil 2d §2676,

2

at 341(2d ed. 1983); see also Sales, 873 F.2D at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."), and Shanklin v. Norfolk Southern Railway Co., No. 94-1212 (W.D. Tenn. Sept. 9, 1996) relying on Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985); In re Air Crash Disaster, 687 F.2d 626, 631 (2d Cir. 1982).

The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. See Wright et al., supra, §2676, at 341-44; Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).

In support of this tax claim, Defendant's bill includes copies of the court reporters' invoices detailing reporter fees and deposition transcript charges incurred. Defendant's claim is allowed, save for the administrative costs (courier fee, overnight delivery, binding and postage/handling charges) which are classified as business costs and are therefore not taxable. The administrative cost has been culled from the award.

Copy fees:

Where records or papers are copied by counsel for prevailing party in preparation for trial, their costs may be recovered, even though no trial is actually held, pursuant to 28 U.S.C. § 1920(4), which provides that fees for exemplification and copies of papers necessarily obtained for use in case, may be taxed as costs.

<u>Meadows v. Ford Motor Co.</u> (1973, WD Ky) 62 FRD 98, 5 BNA FEP Cas 665, on remand (WD Ky) 11 BNA FEP Cas 1047 and cert den 425 US 998, 48 L. Ed 2d 823, 96 S Ct 2215, 12 BNA FEP Cas 1335.

Defendant's reimbursement claim of copy costs ($140.00) is denied due to insufficiency of the record to demonstrate these costs as reasonably necessary to the case and not for the convenience of counsel or the routine costs of doing business. While the requested reimbursement ostensibly represents the costs of photocopies made during the course of litigation, the general summarization statement, "280 pages of pleadings and exhibits," provides insufficient detail about what was copied or how these copies were used, denying Plaintiff the opportunity to protest the award.

Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>,D.C.Ill.1982, 543 F.Supp. 706. Because the copying of papers is essentially undocumented in this cost bill, the claim for the copying of papers is disallowed. <u>Zapata Gulf Marine Corp. V. Puerto Rico Maritime Shipping Authority</u>, E. D. La. 1990, 133 F.R.D. 481.

**TOTAL AWARD     $1,933.50**

4

Pursuant to Fed.R.Civ.P. Rule 54(d), the taxation of costs by the Clerk may be reviewed by the court upon motion, served within 5 days of the docketing of this order.

*[signature]*

ROBERT R. DiTROLIO, CLERK

# FRILOT, PARTRIDGE, KOHNKE & CLEMENTS, L.C.

ATTORNEYS AT LAW
3600 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70163-3600
TELEPHONE (504) 599-8000
FACSIMILE (504) 599-8100
WWW.FPKC.COM

WRITER'S DIRECT
DIAL NUMBER

504/599-8203

WRITER'S DIRECT
DIAL FAX NUMBER

504/599-8263

April 18, 2005

**VIA FACSIMILE AND U.S. MAIL**

Mr. Robert Di Trolio, Clerk
United States District Court
Western District of Tennessee
242 Federal Building
167 North Main Street
Memphis, TN 38103

    RE:   Gervis v. Sears
           Civil Action 01-2934-B
           U.S.D.C. - Western District of Tennessee

Dear Mr. Di Trolio:

    As requested during the hearing on taxation of costs conducted on Friday, April 15, 2005, the following is an explanation of the copy charges listed on Sears' Bill of Costs:

    We copied 280 pages of pleadings and exhibits in this matter. A copy was provided both to the court and to Mr. Gervis, making the total 560 pages at a cost of .25 per page, or $140.

    Please let me know if you need any further information.

    Thank you for your assistance.

                              Sincerely yours,

                              Leslie W. Ehret

LWE:ea
Enclosures
cc:    Mr. Robert L. Gervis, Jr.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 76 in case 2:01-CV-02934 was distributed by fax, mail, or direct printing on April 18, 2005 to the parties listed.

---

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Leslie W. Ehret
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Robert L. Gervis
1715 Farkleberry Drive
Cordova, TN 38016

Robert DiTrolio
U.S. DISTRICT COURT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Renee C. Gluth
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Honorable J. Breen
US DISTRICT COURT