IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 JUL -6 AM 11: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

ROBERT L. GERVIS, JR.,

      Plaintiff,

v.                                                        No. 01-2934 B

SEARS, ROEBUCK AND CO.,

      Defendant.

_____

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF ORDER TAXING COSTS

_____

In his complaint, as amended, the pro se[1] Plaintiff, Robert L. Gervis, Jr., alleged that his

former employer, Sears, Roebuck and Co. ("Sears"), acted in violation of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA); the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq. (FMLA); the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"); and

the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA), as well as various Tennessee

state laws.  The Plaintiff's claims were dismissed in orders entered by this Court on June 21, 2004

and March 7, 2005.  On April 7, 2005, the Defendant filed a bill of costs in the amount of $2,161.00.

Pursuant to LR54.1(b), Local Rules of the United States District Court for the Western District of

Tennessee (the "Local Rules"), a taxation of costs hearing was conducted on April 15, 2005.

The Clerk allowed costs in the amount of $1,933.00, finding that Sears, the prevailing party,

was entitled to such an award in accordance with Rule 54(d)(1) of the Federal Rules of Civil

Procedure and 28 U.S.C. § 1920.  The taxation award represented the costs of depositions reduced

_____

[1]The Plaintiff was at one point in this litigation granted appointment of counsel, who later
was allowed to withdraw.

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 7- 6 - 05

80

by the amount of administrative costs, which the Clerk determined to be business costs and, therefore, not taxable. The Plaintiff has appealed the tax award on the grounds of inability to pay. Sears has filed no response to the motion, although the time for such response has expired. See LR7.2(a)(2), Local Rules.

Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). There is apparently no dispute that Sears is the "prevailing party" in this matter. In addition, § 1920 expressly permits recovery of taxable costs for expenses, including court reporting. 28 U.S.C. § 1920(2). The language of Rule 54 "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) (quoting White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)). "It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Moore v. Northwest Airlines, No. Civ.A. 04CV70560DT, 2005 WL 1348635, at *1 (E.D. Mich. Apr. 22, 2005) (quoting White & White, Inc., 786 F.2d at 731). As the Sixth Circuit articulated in Singleton,

> [w]e have identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. Although the ability of the winning party to pay [its] own costs is irrelevant, another factor weighing in favor of denying costs is the indigency of the losing party. . . . [I]n forma pauperis status will not by itself provide an automatic basis for denying taxation of costs against an unsuccessful litigant.

Singleton, 241 F.3d at 730 (internal citations omitted). In support of his motion to reconsider the award, Gervis maintains that he is "on Social Security and simply unable to pay" and refers to the

2

fact that he was granted leave to proceed in forma pauperis in this matter on December 6, 2001. "The burden is on the losing party to show that [he] is unable, as a practical matter and as a matter of equity, to pay the defendant's costs. To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that [he] is indigent." Tuggles v. Leroy-Somer, Inc., 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004) (internal citations omitted). "A party is indigent if [he] is incapable of paying the court-imposed costs at this time or in the future." Id. (citation and internal quotation marks omitted).

Although the Plaintiff has failed to submit to the Court an affidavit setting forth his current financial status, his affidavit for in forma pauperis status, filed November 16, 2001, reflected that he was divorced and paid some sort of maintenance or support, even though he listed no children. He reported that he was unemployed, owned a 1996 Mercury Sable automobile, and had $79.18 in his bank account. Gervis also stated that he spent $180 per month on heart medication, and that his creditors included the Chapter 13 bankruptcy trustee and a credit card company. A hospital bill was listed in excess of $37,000 along with doctor bills of an unspecified amount. The nature of any Social Security benefits, either in 2001 or presently, is unknown. Nor is there any indication as to whether Gervis will be able to work in the future.

Upon careful consideration, the Court finds that the Plaintiff has failed to carry his burden of overcoming the presumption in favor of the cost award. Since the information contained in the 2001 affidavit is too far removed in time from the Court's present determination to be of any real value, the only relevant evidence offered by the Plaintiff consists of his in forma pauperis status in this action and the fact that he receives Social Security benefits. As the Court has previously noted, in forma pauperis status is not sufficient on its own to mandate a waiver of costs. See Singleton, 241

3

F.3d at 730. Moreover, the Court has not been apprised by Gervis of either the amount of any benefits he receives or the existence of any current liabilities and/or expenses. Without more, the Court is simply unwilling to assume that waiver is warranted, particularly in light of the relatively small sum awarded. Indeed, the parties are permitted, and encouraged, to devise a mutually satisfactory payment plan. See Tuggles, 328 F.Supp.2d at 846 (while cost award to defendant was upheld, plaintiff with little financial means was permitted to work out a plan for the payment thereof). With respect to the remaining Singleton factors, there is nothing to suggest that Gervis instituted this action in bad faith or that the winning party's behavior was egregious. The case, while clearly contested, and the applicable law were not difficult. See id. ("Just because a matter is contested does not mean it is close and difficult"). Finally, the necessity of the costs awarded has not been disputed by the Plaintiff.

Based on consideration of the relevant factors, the motion is DENIED.

IT IS SO ORDERED this 5 day of July, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 80 in case 2:01-CV-02934 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

Renee C. Gluth
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Leslie W. Ehret
FRILOT PARTRIDGE KOHNKE & CLEMENTS
1100 Poydras Street
New Orleans, LA 70163

Robert L. Gervis
1715 Farkleberry Drive
Cordova, TN 38016

Robert DiTrolio
U.S. DISTRICT COURT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT